**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0163n.06

**No. 09-4089**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Mar 21, 2011**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| ANTHONY B. WHEELER, | ) | |
| | ) | |
| Plaintiff - Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| CITY OF CLEVELAND; DANNY | ) | |
| ELLIS; CHRISTOPHER LANE, | ) | |
| | ) | |
| Defendants - Appellants. | ) | |
| _____ | ) | |

**Before: BATCHELDER, Chief Judge; BOGGS and WHITE, Circuit Judges.**

**HELENE N. WHITE, Circuit Judge.** Defendants-Appellants City of Cleveland, Danny Ellis, and Christopher Lane ("Defendants") appeal the district court's denial of their motions for summary judgment, including Ellis and Lane's requests for qualified immunity. We AFFIRM the district court's denial of qualified immunity to Ellis and Lane and further hold that we lack jurisdiction over the other issues raised in this interlocutory appeal.

Defendants Danny Ellis and Christopher Lane are officers with the Cleveland Police Department. Between 10:00 and 11:00 p.m. on April 2, 2007, Officers Ellis and Lane arrested Plaintiff-Appellee Anthony Wheeler while responding to a report that a group of men were threatening a woman in retaliation for her earlier report to police that her daughter had been threatened by an armed man. Wheeler states that he was walking in the neighborhood while talking on his cell phone, and that Lane approached him with gun drawn and ordered him to freeze. Wheeler

dropped his cell phone and dropped to all fours on the ground. It is undisputed that he did not attempt to flee, resist arrest, or threaten the officers. Wheeler alleges that Lane put his knee in Wheeler's back, hit him on the back of the head, and struck him in the groin, ribs, and back approximately seven times. Officer Ellis then arrived in a police vehicle and kicked Wheeler in the ribs. Ellis and Lane took Wheeler to jail, but Wheeler was not booked until the next morning. He was sent to the hospital on April 3, 2007 for treatment of injuries sustained during the arrest, and then returned to jail. No charges were ever filed against him, and he was released at 10:00 a.m. on April 4, 2007, approximately 35 hours after his arrest. Because this appeal comes to us on a motion for summary judgment, we construe the facts in a light most favorable to Wheeler. *See Harrison v. Ash*, 539 F.3d 510, 516 (6th Cir. 2008).

Wheeler filed suit under 42 U.S.C. § 1983 alleging, inter alia, that Ellis and Lane used excessive force during the course of their arrest of Wheeler, in violation of the Fourth and Fourteenth Amendments, and that the City of Cleveland unlawfully detained Wheeler for approximately 35 hours without filing charges or bringing him before a magistrate in violation of the Fourth and Fourteenth Amendments. Wheeler also alleges that Ellis and Lane used excessive force, in violation of state law. Defendants filed a motion for summary judgment, which the district court granted in part and denied in part. Relevant to this appeal, the court denied summary judgment to Ellis and Lane on the excessive-force claim and found that they are not entitled to qualified immunity because a genuine issue of material fact exists as to whether the officers violated Wheeler's clearly established right to be free from excessive force during the course of an arrest. The court denied

summary judgment to the City of Cleveland, finding genuine issues of material fact regarding the unlawful detention claim.

A district court's denial of summary judgment is ordinarily not immediately appealable because it is not a final order. *See Harrison*, 539 F.3d at 516; 28 U.S.C. § 1291. However, an order denying qualified immunity is immediately appealable pursuant to the collateral-order doctrine. *Mitchell v. Forsyth*, 472 U.S. 511, 525-27 (1985); *Harrison*, 539 F.3d at 516. Our jurisdiction over appeals of orders denying qualified immunity is "narrow," and we "may exercise jurisdiction 'only to the extent that a summary judgment order denies qualified immunity based on a pure issue of law.'" *Harrison*, 539 F.3d at 517 (quoting *Gregory v. City of Louisville*, 444 F.3d 725, 742 (6th Cir. 2006)). "Accordingly, a defendant is required to limit her argument to questions of law premised on facts taken in the light most favorable to the plaintiff." *Meals v. City of Memphis*, 493 F.3d 720, 726-27 (6th Cir. 2007). "Where qualified immunity is denied due to a lingering question of whether the evidence supports a finding that particular offensive conduct occurred, we would lack appellate jurisdiction . . . ." *Id.* at 727. Where jurisdiction is proper, we review the district court's denial of qualified immunity de novo. *Id.* at 728.

Officers Ellis and Lane argue that, even when the evidence is viewed in the light most favorable to Wheeler, the district court erred in its legal analysis of the qualified immunity issue. Specifically, the officers argue that the court misapplied the standard for judging violations of the Fourth Amendment's prohibition on excessive force, as set out in *Graham v. Connor*, 490 U.S. 386 (1989), by failing to judge the reasonableness of the officers' force "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight," *id.* at 396. Even

3

assuming, arguendo, that the court somehow erred in its analysis, our de novo review allows us to conclude that the denial of qualified immunity was proper. When evaluating whether an officer is entitled to qualified immunity, we must determine: 1) whether the plaintiff's allegations make out a violation of a constitutional right; and 2) whether that right was clearly established at the time of the alleged violation. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). We may address these questions out of sequence. *Pearson v. Callahan*, 129 S. Ct. 808, 821 (2009).

The Fourth Amendment protects against the use of excessive force "in the context of an arrest or investigatory stop of a free citizen." *Graham*, 490 U.S. at 394. The reasonableness of officers' use of force "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396. Courts must assess "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397. This Circuit has "consistently held that various types of force applied after the subduing of a suspect are unreasonable and a violation of a clearly established right." *Champion v. Outlook Nashville, Inc.*, 380 F.3d 893, 902 (6th Cir. 2004) (citing cases); *see also Baker v. City of Hamilton*, 471 F.3d 601, 607 (6th Cir. 2006). Here, the district court did not err in denying qualified immunity to Ellis and Lane. Under Wheeler's version of the facts, Ellis and Lane used gratuitous force after Wheeler had surrendered and submitted to arrest, thus violating a clearly established constitutional right. To the extent there are disputes over the facts, we lack jurisdiction to address them.

4

The court also properly determined that Ellis and Lane are not immune from liability against the state-law claims. Ohio Revised Code § 2744.03(A)(6)(b) provides that employees of political subdivisions are immune from liability unless "[t]he employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner." Wheeler's evidence creates a genuine issue of material fact about whether the officers acted in a wanton or reckless manner by repeatedly striking Wheeler after he had fully submitted to arrest, and so the denial of summary judgment on this issue was proper.

The balance of Defendants' claims on appeal are not properly before us. We lack jurisdiction over Cleveland's appeal of the district court's denial of its motion for summary judgment on the unlawful detention claim. "A city is not entitled to claim qualified immunity, and thus may not normally appeal the district court's denial of summary judgment as to it." *Meals*, 493 F.3d at 727 (citing *Owen v. City of Independence*, 445 U.S. 622, 650 (1980)). We may exercise pendent jurisdiction over issues raised in Cleveland's appeal only to the extent they are "'inextricably intertwined' with the question of qualified immunity of [Officers Ellis and Lane], and review of those issues is necessary for meaningful review of [the officers'] claim of qualified immunity." *Id.* Wheeler's claim that Cleveland had an unlawful policy or procedure that led to him being detained for 35 hours without being brought before a magistrate, and then released without charge, is wholly distinct from Wheeler's excessive-force claim against Officers Ellis and Lane. The two legal claims, excessive force and unlawful detention, have separate elements and separate factual predicates, and so they are not "inextricably intertwined" for purposes of conferring appellate jurisdiction. We also reject Cleveland's argument that *Michigan Bell Telephone Co. v. Climax Telephone Co.*, 202 F.3d

862, 867 (6th Cir. 2000), confers jurisdiction. Cleveland's reading of *Michigan Bell* is overbroad, and that case does not provide an independent ground for appellate jurisdiction here. Finally, we lack jurisdiction over Defendant's argument that the district court erred in failing to dismiss Wheeler's claim that Officers Ellis and Lane violated Wheeler's Fourteenth Amendment due-process rights as duplicative of the Fourth Amendment excessive-force claim. This argument attacks the district court's denial of summary judgment, not qualified immunity. It therefore does not fit within an exception to our lack of jurisdiction over interlocutory appeals.

The district court's denial of qualified immunity to Officers Ellis and Lane is **AFFIRMED**, and the balance of the appeal is **DISMISSED** for lack of jurisdiction.